IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DAVID FRANKLIN, # 81122**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 2:11CV183-KS-MTP**

**MARION COUNTY CIRCUIT COURT,**
**BUCKLEY HALL, and JOE TURNEY**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff David Franklin's Complaint [1] and Brief [2]. He is incarcerated with the Mississippi Department of Corrections and seeks damages for his alleged illegal conviction and sentence. The Court has considered and liberally construed the pleadings. The case is dismissed.

## FACTS AND PROCEDURAL HISTORY

On September 7, 2011, Franklin filed the instant Section 1983 action against Defendants Marion County Circuit Court, Sheriff Buckley Hall, and Joe Turney, Franklin's criminal defense counsel. He claims he was illegally convicted of and sentenced for armed robbery. He seeks damages from each Defendant as well has a reversal of his conviction. The Court allowed Franklin to proceed *in forma pauperis*.

On September 12, 2011, Franklin filed a Section 2254 habeas action before the undersigned, styled *Franklin v. Banks*, No. 2:11cv185-KS-MTP. The habeas action challenges the same conviction on the basis raised in the instant action. In both cases, Franklin argues he is innocent. The Court granted Franklin leave to pursue his habeas action *in forma pauperis* on October 28, and process was issued. The habeas action is still pending.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Franklin to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Franklin argues his conviction and sentence for armed robbery are illegal because he is innocent. A Section 1983 claim that challenges the fact or duration of a state sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of

habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Success on Franklin's claim of actual innocence will necessarily invalidate his State court conviction. Therefore, the claim may only proceed if he proves the conviction has already been invalidated. As explained above, he filed a contemporaneous habeas petition before the undersigned challenging the same conviction. That action is still pending. Therefore, it is clear that he has not yet been granted habeas relief in this matter.

Because the conviction has not yet been invalidated, Franklin is precluded by *Heck* from challenging it in this Section 1983 civil action at this time. The claim under Section 1983 is dismissed with prejudice for failure to state a claim, until such time as he successfully has the State court conviction invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the State court conviction is invalidated. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 13th day of December, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE